| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------ x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 6/20/08 |
| GARDEN CITY BOXING CLUB, INC.,             : | |
| Plaintiff,             : | 07 Civ. 8074 (AJP) |
| -against-             : | **ORDER OF DISMISSAL ON CONSENT** |
| JOA, INC. d/b/a DICEY'S & MARY ANNE<br>VICALE,             : | |
| Defendants.             : | |
| ------------------------------------ x | |

**ANDREW J. PECK, United States Magistrate Judge:**

The parties having informed the Court that they have reached a settlement agreement (see attached), IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs. Any pending motions are to be terminated as moot.

SO ORDERED.

DATED:   New York, New York
         June 20, 2008

*[signature]*

Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   Paul J. Hooten, Esq.
                              Christopher Michael Collins, Esq.
                              Johnnie Woluewich, Esq.
                              Peter J. Piergiovanni, Esq.

C:\ORD\Dismiss.AJP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED JUN 20 2008 CHAMBERS OF ANDREW PECK

GARDEN CITY BOXING CLUB, INC.

    Plaintiff,

v.

JOA, INC.
d/b/a DICEY'S
and MARY ANNE VICALE

    Defendant.

07-CV-8074

## SETTLEMENT AGREEMENT

This Settlement Agreement is made on the date stated herein by and between Garden City Boxing Club, Inc. and JOA Inc., d/b/a Dicey's and Mary Anne Vicale, the parties listed herein. On May 30, 2008, plaintiff filed a Notice of Discontinuance as to Mary Anne Vicale only.

### RECITALS

A. There is currently litigation pending in the United States District Court for the District of New York, Southern Division, Civil Action No.07-CV-8074 (the "Litigation"), for the alleged pirating of the Championship boxing match between Oscar De La Hoya and Bernard Hopkins, including undercard or preliminary bouts (the "Event") on September 18, 2004.

B. The following parties and entities are named as parties in the Litigation: Garden City Boxing Club, Inc., a California corporation, (the "Plaintiff"); and, JOA Inc., d/b/a Dicey's a New York corporation, (the "Defendant"). (The Plaintiff and Defendants are collectively referred to herein as the "Parties").

C. The Parties desire to resolve all matters and all claims related to the Litigation, and have all Parties released from any and all claims that could be brought by each other relevant thereto.

## AGREEMENTS

In consideration of the foregoing and the mutual covenants and agreements contained herein, the Parties covenant and agree as follows:

1. Defendants shall pay to the Plaintiff the amount of One Thousand and Five Hundred Dollars and 00/100 ($1,500.00) Dollars, in a lump sum payment on or before June 27, 2008. Until such payment is made, this Settlement Agreement shall have no force or effect. Defendants may prepay the balance due without penalty or premium. The payment due hereunder shall be paid promptly, time being of the essence.

2. Upon receipt of this executed Settlement Agreement and upon receipt of the payment as set forth in Paragraph 1 above, the Plaintiff, by its counsel, shall file a Notice of Dismissal With Prejudice of the Litigation.

3. Upon receipt of the total sum of One Thousand and Five Hundred Dollars and 00/100 ($1,500.00) Dollars, and as long as Defendants have not filed for protection under any Chapter of the Bankruptcy Code, and as long as no involuntary bankruptcy has been filed against the Defendants, the Plaintiff, by its counsel, shall file a Notice of Dismissal with Prejudice of the Litigation. Notwithstanding the above, in the event of a bankruptcy proceeding, the Plaintiff shall file a Notice of Dismissal with Prejudice of the litigation upon the final unappealable ruling that any payments made by Defendants hereunder do not constitute a voidable preference or the time for moving to avoid said payments has expired.

4. In the event of a default hereunder, the Plaintiff shall be entitled to pursue its claims against the Defendants to the full extent of the law, including but not limited to

2

the provisions of paragraph 5 herein. If a Complaint against the Defendants alleging the piracy of the Event is filed by the Plaintiff after a default hereunder, Defendants hereby waives the right to assert the statute of limitations or laches as a defense thereto.

5. The parties recognize and agree that, under the provisions of Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (1994), Plaintiff had the right to seek a judgment from the Court in the Litigation in an amount of up to $10,000 of statutory damages, $100,000 for willfulness, and costs and expenses, including attorney's fees, per violation. Plaintiff has foregone that right in consideration of this Settlement Agreement.

6. Each of the Parties for itself/herself and its/her heirs, executors, predecessors, subsidiaries, affiliates, officers, directors, partners, stockholders, agents, servants, employees, successors, assigns and trustees and anyone claiming by or through it/her, or under its/her will, does hereby remise, release and forever discharge each other Party and its/her heirs, executors, predecessors, subsidiaries, affiliates, officers, directors, partners, stockholders, agents, servants, employees, successors, assigns and counsel from any and all causes, rights, actions, suits, proceedings, debts, dues, contracts, damages, claims and demands of whatsoever kind and nature in law or in equity, which it/she now has, has had or may at any time hereafter have by reason of, or in respect of, any acts, causes, matters or things whatsoever arising prior to the date hereof, which relate to the Event and could have been asserted in the Litigation; provided, however that the provisions of this Paragraph shall become null and void if the Defendants fail to make payments as set forth herein or if the Defendants file for protection under any Chapter of the Bankruptcy Code or an involuntary bankruptcy is filed against the Defendant prior to the time for filing the Notice of Dismissal with Prejudice as set forth in Paragraph 1 above, or the determination or expiration of the time periods as set forth in Paragraph 1 above.

3

It is expressly agreed and acknowledged by the Parties that this release represents the compromise of a disputed claim and shall not in any way be considered an admission of liability on the part of any of the Parties, by whom liability is expressly denied.

7. The persons signing below on behalf of an entity hereby represent and warrant that they are authorized and empowered to execute this Settlement Agreement on behalf of the entity for which they are signing and that the execution, delivery and performance of this Settlement Agreement is duly authorized by the entity for which they are signing.

8. This Settlement Agreement will inure to the benefit of and be binding upon the Parties and their respective successors and assigns. The Parties for themselves and their respective successors, assigns and legatees agree to join in or execute any instruments and to do any other act or thing necessary or proper to carry into effect this or any part of this Settlement Agreement.

9. The Defendants agree not to receive, reproduce or use the encrypted satellite transmissions or scrambled cablecasts of the Plaintiff or any program to which the Plaintiff owns rights to broadcast without authorization.

10. The Parties agree that this Settlement Agreement and any and all matters concerning the relationship between the Parties will be regarded as confidential information between the Parties, and except as required by legal process or to enforce the terms hereof, that neither they, nor their counsel, will reveal, disseminate by publication of any sort or release in any manner or means this Settlement Agreement, or the contents of this document, to any other person, including without limitation, to any member(s) of the public, newspaper, magazine, radio station, or television station.

11. This Settlement Agreement contains the entire agreement between the Parties, and the terms of this Settlement Agreement are contractual and not a mere recital.

4

The Recitals of this Settlement Agreement are considered a material part hereof. This Settlement Agreement may only be amended by a written agreement signed by all of the Parties.

12. If at any time any provision (or any part of any provision) of this Settlement Agreement is for any reason held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other provision (or remaining part of the affected provision) of this Settlement Agreement and this Settlement Agreement will be construed as if such invalid, illegal, or unenforceable provision (or part thereof) had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

13. The Parties acknowledge that they have thoroughly reviewed this Settlement Agreement, and that they execute this Settlement Agreement voluntarily and with full understanding of its contents.

14. All provisions (and all parts of all provisions) of this Settlement Agreement shall be resolved, construed and interpreted according to the plain meaning of the provision.

15. This Settlement Agreement may be executed in counterparts. Each counterpart shall be deemed to be an original. All counterparts shall constitute but a single Settlement Agreement.

16. This Settlement Agreement is governed by the laws of the State of New York.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement this _19_ day of _June_, 2008.

_____
Paul J. Hooten, Esq. (PJH9510)
Attorney for Plaintiff
Garden City Boxing Club, Inc.,
5505 Nesconset Hwy., - Suite 203
Mt. Sinai, NY 11766
(631)331-0547

_____
Peter J. Piergiovanni
Attorney for Defendant

6